IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

ELNORA MCGLOTHLIN                                                          PLAINTIFF

vs.                                           Civil No. 4:17-cv-04012

NANCY A. BERRYHILL                                       DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Elnora McGlothlin ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**      **Background:**

Plaintiff protectively filed her disability application on January 24, 2011. (Tr. 18, 355). In this application, Plaintiff alleges being disabled due to depression and psychotic features. (Tr. 392). Plaintiff alleges an onset date of October 1, 2010. (Tr. 18). This application was denied initially and again upon reconsideration. (Tr. 113-114).

Plaintiff had three administrative hearings: one on May 1, 2012; one on October 3, 2014; and one on August 16, 2016. (Tr. 40-112). After the 2012 and 2014 hearings, the ALJ issued an unfavorable decision denying Plaintiff's disability application. (Tr. 136-163). After reviewing the

1

ALJ's opinion, however, the Appeals Council reversed and remanded this case back to the ALJ for further administrative review. (Tr. 173-175). As a part of this remand order, the Appeals Council specifically directed the ALJ to evaluate "the treating and nontreating source opinions . . . and . . . explain the weight given to such opinion evidence." (Tr. 175).

The ALJ then held the third administrative hearing on August 16, 2016. (Tr. 40-72). Subsequent to this hearing, the ALJ entered a second unfavorable decision. (Tr. 15-31). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 24, 2011, her application date. (Tr. 20, Finding 1). The ALJ found Plaintiff had the following severe impairments: major depressive disorder, anxiety, bilateral trigger thumb and flexor tenosynovitis, asthma and learning disorder. (Tr. 20-23, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22-23, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 23-29, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 416.967(c). She can occasionally lift/carry 50 pounds, 25 pounds frequently, and can push/pull as much as can lift/carry; she cannot perform tasks requiring frequent rapid and repetitive flexion extension of the bilateral wrists; she can understand, remember and carry out simple routine tasks.

*Id.*

Considering her RFC, the ALJ determined Plaintiff did not retain the capacity to perform any

2

of her PRW. (Tr. 29, Finding 5). The ALJ then determined whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 30, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.*

Based upon that testimony, the ALJ determined Plaintiff retained the capacity to perform the requirements of representative occupations such as the following: (1) coffee maker (medium, unskilled) with 402,037 such jobs in the nation; (2) patient transporter (medium, unskilled) with 71,182 such jobs in the nation; and (3) launder laborer (medium, unskilled) with 335,568 such jobs in the nation. (Tr. 30). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability (as defined by the Act) at any time from the date her application was filed until the date of the ALJ's decision or until November 3, 2016. (Tr. 30, Finding 10).

Plaintiff then requested the Appeals Council's review of this unfavorable decision. (Tr. 10-14). The Appeals Council denied this request for review. (Tr. 1-3). Then, on March 3, 2017, Plaintiff filed her Complaint in this action. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 7, 12-13. This case is now ready for decision.

2.  **<u>Applicable Law:</u>**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

3

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.      Discussion:**

In her appeal brief, Plaintiff alleges the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12. Specifically, Plaintiff argues the following: (1) the ALJ erred in failing to properly address the Listings and assess her mental impairments; (2) the ALJ erred by failing to follow the remand instructions of the Appeals Council; (3) the ALJ erred by failing to address her fibromyalgia; (4) the ALJ erred in assessing her credibility; and (5) the ALJ erred in finding she could perform medium work. *Id.* Because the Court finds the ALJ erred in assessing her mental impairments, the Court will only address this issue for reversal.

In her opinion, the ALJ analyzed the findings of each of the physicians who had examined or treated Plaintiff. (Tr. 27-28). In analyzing these findings, the ALJ relied upon the findings from treating and non-treating sources dating back to 2011. (Tr. 28). Indeed, the primary source the ALJ relied upon was from Julia M. Wood, Ph.D., a consultative examiner who evaluated Plaintiff on May 9, 2011. (Tr. 523-529).

A far more recent consultative evaluation was conducted by Samuel Hester, Ph.D., who examined Plaintiff on April 14, 2016. (Tr. 980-987). Indeed, this *only* consultative report dated since the time the Appeals Council remanded Plaintiff's case for further record development.

5

Notably, Dr. Hester diagnosed Plaintiff with several mental disorders: depressive disorder (not otherwise specified), panic disorder without agoraphobia, pain disorder (not otherwise specified), and personality disorder (not otherwise specified) with schizotypal and dependent traits. (Tr. 985).

Dr. Hester determined Plaintiff's Global Assessment of Functioning ("GAF") score was 51. According to the *DSM-IV-TR,* such a score indicates Plaintiff suffers from "moderate symptoms" with "moderate difficulty in social, occupational, or school functioning." *Diagnostic and Statistic Manual IV-TR* Page 34 (2000). Such a score is also at the bottom end of the 51-60 range, and a score of 50 would have placed her with "serious symptoms." Dr. Hester reported Plaintiff can drive "short distances" and "does not participate in social groups." (Tr. 986). Dr. Hester noted Plaintiff had been experiencing auditory hallucinations for twelve months. (Tr. 980).

In her opinion, the ALJ claims she assigned "great weight" to his opinion, but the ALJ then did not adopt his findings. (Tr. 29). Indeed, apart from finding Plaintiff could only "understand, remember, and carry out simple routine tasks," the ALJ placed *no limitations* on her due to her mental impairments.[1] Such an error is not harmless. Indeed, the ALJ found Plaintiff could be a "patient transporter" but such a job would likely be precluded with her "moderate" or borderline "severe" limitations. Thus, the Court cannot find the ALJ's RFC assessment is supported by substantial evidence in the record. Accordingly, this case must be reversed and remanded.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A

---

[1] Notably, in the *first* administrative opinion, even that ALJ recognized Plaintiff could only perform "non-public work." (Tr. 121).

judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of February 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE